**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JUAN MORILLO,

    Plaintiff,

v.

HEARTFLOW, INC.,

    Defendant.

CASE NO.

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant HEARTFLOW, INC. ("HeartFlow"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice it is removing this civil action to the United States District Court for the Middle District of Florida, Orlando Division.  In support of this Notice of Removal, Defendant states as follows:

I.    **PROCEDURAL HISTORY**

1.    On or about November 3, 2023, Plaintiff Juan Morillo ("Plaintiff"), filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, entitled *Juan Morillo v. Heartflow, Inc.*, designated Case No. 2023-CA-003913 (the "State Court Action"), wherein he alleges he was discriminated against because of an alleged disability and subjected to a retaliatory discharge, in violation of the Florida Civil Rights Act ("FCRA") (Complaint).

2.      A copy of the Summons and Complaint as well as true and legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit "A."**

3.      On November 21, 2023, Defendant HeartFlow was served a Summons and Complaint in this matter. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      The District and Division embracing the place where the State Court Action is pending is the United States District Court for the Middle District of Florida, Orlando Division.  *See* 28 U.S.C. §§ 89(b), 1441(a).

5.      This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II.    DIVERSITY OF CITIZENSHIP

6.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citations omitted).

7.      In the Complaint, Plaintiff indicates he resides in Florida.  Compl. ¶ 3. Additionally, Plaintiff used a Florida address while employed with HeartFlow.

*See,* Declaration of Kathryn Kepmper, **Exhibit B**, ¶7.  Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

8.    As a corporation, HeartFlow is deemed to be a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). HeartFlow is incorporated under the laws of the State of Delaware and has its principal place of business in California. Exhibit B, ¶2. Therefore, HeartFlow is a citizen of Delaware and California for purposes of diversity.

9.    In summary, complete diversity exists in this case because Plaintiff is a citizen of Florida and Defendant is a citizen of Delaware and California. Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Defendant (a citizen of Delaware and California) at the time of filing this Notice of Removal.

## III.   AMOUNT IN CONTROVERSY

10.    Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

11.    Where, as here, the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held a removing defendant "need include

only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," regardless of the plaintiff's likelihood of success. *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (finding the "appropriate measure is the litigation value of the case assuming the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint").

13. "[The] Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id*. at 1062.

14. Courts may also consider jury verdicts rendered in matters raising similar claims and injuries. *See, e.g., Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1314 (M.D. Fla. 2016) (reviewing evidence of settlements and jury verdicts together with the allegations of plaintiff's complaint to conclude "it [was] more likely than not that the amount in controversy exceeds $75,000."); *Gardner v. Mgmt. & Training Corp.*, 2014 WL 3039335, at *2 (N.D. Fla. July 3, 2014) (considering proffered jury verdict research in determining whether the amount in controversy exceeds $75,000); *Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering information from defendant based upon defendant's review of published jury verdicts and damages awards involving claims similar to plaintiff's in determining the requisite $75,000 minimum had been established); *see also Schmidt v. Pantry, Inc.*, 2012 WL 1313490, at *3-4 (N.D. Fla. Mar. 6, 2012) (considering jury verdicts from other Florida courts when determining emotional distress damages in an employment discrimination case exceeded the amount in controversy requirement). Importantly, "[a] removing defendant is *not* required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Payne*, 154 F. Supp. 3d at 1313 (internal quotation marks omitted; emphasis added) (citing *Pretka*, 608 F.3d at 754).

15.    A plain reading of Plaintiff's Complaint demonstrates the amount in controversy meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

16.    Plaintiff alleges Defendant discriminated against him based on an alleged disability and discharged him in retaliation for seeking an accommodation in violation of the FCRA. Based on those alleged facts, Plaintiff is seeking back pay from the date of termination, benefits adjustment, prejudgment interest, as well as compensatory damages for "mental anguish, personal suffering and lost of enjoyment of life" as well as attorneys' fees and punitive damages for alleged willful and intentional violation of the statute. Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to FCRA, § 760.11(5).

17.    As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012)

(calculating back pack from time of termination through expected trial date, noting the court may use its "judicial experience and common sense" in making that determination); *see Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

18.    At the time of his termination on or about January 14, 2022, (Compl., ¶ 14), Plaintiff was earning approximately $61,600 per year. *See,* Exhibit B. As of the date of this removal, it has been approximately 23 months since Plaintiff's employment ended. Accordingly, Plaintiff's back pay to date is approximately $118,066.67. Adding an additional year of back pay to account for the expected

time between now and trial Plaintiff could recover approximately $179,666.67 in total back pay.

19.    Front pay further augments the amount of lost wages in this action. *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *4-5 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial and crediting one year of front pay as a conservative measure of potential future lost wages).  Here, one year of front pay would add another $61,600 to the amount in controversy reaching over $200,000.

20.    Additionally, district courts routinely include compensatory damages in the form of pain and suffering, such as Plaintiff claims in this case, in the jurisdictional amount as well.  *See Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding the complaint "clearly established" amount in controversy based, in part, on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). *Wineberger*, 2015 WL 225760 at *4, *aff'd by Wineberger*, 672 F. Appx. at 917 (including emotional distress damages in the range of $5,000-

$30,000 under the FCRA for purposes of calculating the amount in controversy, when the complaint merely alleged emotional distress in the nature of "that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons.") Additionally, the Eleventh Circuit has held objective medical testimony is not necessary to support an award of emotional distress damages under FCRA, and plaintiff's lay testimony concerning the emotional impact of illegal termination was itself sufficient to support such award. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000) (affirming jury award of $150,000 for emotional distress caused by illegal termination under FCRA). Thus, to the extent Plaintiff purports to seeks punitive damages, which further increases the amount in controversy for the purposes of diversity jurisdiction. *See Wineberger*, 2015 WL 225760 at *4 (considering punitive damages under the FCRA in determining amount in controversy).

21. Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FCRA, to the amount in controversy calculation, there is no question the amount in controversy exceeds $75,000.00. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation).

22. Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).

Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV.   **NOTICE AND TIMELINESS**

23.   Finally, this Notice of Removal has been given to Plaintiff and has been promptly filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit C.**

24.   The required filing fee and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Fourteenth Judicial Circuit Court of Jackson County, Florida to the United States District Court in the Middle District Court of Florida, Orlando Division.

Dated this 20th day of December, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 N. Orange Avenue
Suite 1250
Orlando, Florida 32801-2366
Telephone:   (407) 393-2900
Facsimile:   (407) 393-2929

By:   */s/ Nancy A. Johnson*
Florida Bar No.:  0597562
Email:  najohnson@littler.com
Kimberly R. Rivera

10

Florida Bar No: 124822
Email: krivera@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:

Anthony M. Georges-Pierre, Esq.
Jorge L. Costa, Esq.
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd,
Coral Gables, Fl 33134
Email: jcosta@rgph.law; agp@rgph.law

Counsel for Plaintiff

*/s/ Nancy A. Johnson*

Nancy A. Johnson

4869-7595-6120.1 / 083348-1033

11